Clifford S Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
Jenna M. Teeny, OSB No. 244519
jteeny@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Plaintiff Northwest Success, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST SUCCESS, INC., an Oregon domestic nonprofit corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF PORTLAND, a municipal corporation,<br><br>        Defendant. | Case No. 3:25-CV-970-SI<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF PORTLAND'S SUPPLEMENTAL BRIEFING |

## MEMORANDUM

On August 6, 2025, both parties filed supplemental briefs on the Supreme Court's meaning of "purely" in *Building & Construction Trades Council v. Associated Builders & Contractors of Mass./R.I., Inc.*, 507 U.S. 218 (1993) ("*Boston Harbor*"). ECF 31; ECF 32. Plaintiff responds to the City's supplemental brief (ECF 32) as follows.

The City's supplemental brief incorrectly treats all mixed motive cases alike. There are fundamental differences between cases involving <u>direct evidence</u> of regulatory intent and <u>inferences</u> of regulatory intent. The Ninth Circuit's *Cardinal Towing* test deals with the latter but not the former. That is, as a threshold matter, if there is direct evidence of regulatory intent, then

the market participant exception does not apply. That is because, while a "purely proprietary interest" is a safe harbor, a regulatory interest is a no-fly zone.[1] But, if there is no direct evidence of regulatory intent, it is impossible to determine at the outset whether the municipal action is regulatory or not. That is where the *Cardinal Towing* test comes in, which

> "offers two alternative ways to show that a state action constitutes non-regulatory market participation: (1) a state can affirmatively show that its action is proprietary by showing that the challenged conduct reflects its interest in efficiently procuring goods or services, or (2) it can prove a negative--that the action is not regulatory-- by pointing to the narrow scope of the challenged action."

*Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1024 (9th Cir. 2010). Under prong 1, *Boston Harbor* mandates that the municipality prove a "purely proprietary interest." *Boston Harbor*, 507 U.S. at 231-32. If the municipality carries that burden, that ends the inquiry; the market participant exception applies. If the municipality cannot carry that burden, prong 2 gives the municipality another shot; this time to prove that, while its interest is not "purely proprietary" (the safe harbor), neither is it regulatory (the no-fly zone). Plaintiff offers the following flowchart depicting how that works in practice:



---

[1] Please forgive the mixed metaphor.

Put another way, if there are allegations and direct evidence of regulatory intent, the municipality cannot satisfy either prong of the *Cardinal Towing* test – the government action would be neither (1) purely proprietary nor would (2) a narrow scope defeat an inference of regulatory intent (because there is direct evidence of such intent).

That is why this Court's decision in *Int'l Longshore & Warehouse Union v. Port of Portland*, on which the City relies, is distinguishable. *See* No. 3:12-CV-01494-SI, 2013 WL 1412882, at *7 (D. Or. Apr. 8, 2013) (finding "no indication that Defendants implemented the Programs in order to advance a general regulatory policy" and "no allegation that the Programs are intended to advance any particular policy goal"); ECF 32 at 5 (the City's reliance on that case). The Seventh Circuit case that the City relies on is distinguishable for the same reason. *See N. Illinois Chapter of Associated Builders & Contractors, Inc. v. Lavin*, 431 F.3d 1004, 1006-07 (7th Cir. 2005) (no mention of direct evidence of regulatory intent; finding Illinois' "conditional offer of a subsidy" was not regulatory because "its condition is project-specific"); ECF 32 at 4 (the City's reliance on that case).

Here, at this early stage, because there are allegations and direct evidence of the City's regulatory intent, the market participant exception does not apply. This Court should deny the City's motion to dismiss and grant Plaintiff's motion for preliminary injunction.

Dated: August 8, 2025                      SNELL & WILMER L.L.P.

*/s/ Drew L. Eyman*
Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
Jenna M. Teeny, OSB No. 244519
jteeny@swlaw.com

Attorneys for plaintiff Northwest Success, Inc.