FALLON NIEDRIST, OSB No. 145146
Deputy City Attorney
fallon.niedrist@portlandoregon.gov
DANIEL SIMON, OSB No. 124544
Senior Deputy City Attorney
dan.simon@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089

Of Attorneys for Defendant City of Portland

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **NORTHWEST SUCCESS INC.,** an Oregon domestic nonprofit corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>**CITY OF PORTLAND,** a municipal corporation,<br><br>      Defendant. | **3:25-cv-00970-AR**<br><br><br>**DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant City of Portland ("City") hereby submits its Answer and Affirmative Defenses to Plaintiff Northwest Success Inc.'s  ("NW Success") First Amended Complaint. Except as specifically admitted in this Answer and Affirmative Defenses, the City denies all allegations in the First Amended Complaint.

In regards to the introductory paragraph, The City admits that on March 25, 2020, Portland City Council adopted Resolution 37483, which amended ADM-1.09 to include an attachment on "Labor Peace" which applied to janitorial, security, and industrial laundry service contracts. The City denies the remainder of the allegations in the introductory paragraph.

Page  1  –  DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

## PARTIES

1.     The City admits that NW Success is a non-profit corporation and an Oregon Forward contractor. The City denies the remainder of the allegations in paragraph 1.

2.     The City admits.

## JURISDICTION AND VENUE

3.     The City denies, as relevant claims were dismissed.

4.     The City denies, as relevant claims were dismissed.

5.     The City denies.

6.     The City admits.

7.     The City admits.

## FACTUAL BACKGROUND

**A.     The City's Labor Peace Requirement.**

8.     The City admits it has a Sustainable Procurement Policy, numbered ADM-1.09, which was first enacted in 2003. The City denies the remainder of the allegations in paragraph 8.

9.     The City admits that on March 25, 2020, Portland City Council adopted Resolution 37483, which amended ADM-1.09 to include an attachment on "Labor Peace" which applied to janitorial, security, and industrial laundry service contracts. The City denies the remainder of the allegations in paragraph 9.

10.    The City denies.

11.    The City denies.

12.    The City admits that on July 20, 2022, Portland City Council adopted Resolution 37583, which amended ADM-1.09's "Labor Peace" requirement to include exceptions. The City denies the remainder of the allegations in paragraph 12.

13.    The City denies.

/ / /

/ / /

Page  2  –    DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

**B.**     **The City determined that Plaintiff met the Good Faith Exception and entered into the Contract.**

14.     The City is without sufficient knowledge to admit or deny this allegation, and therefore denies the same.

15.     The City admits that it received an email describing NW Success's plan for workforce contingencies, which the City accepted as a plan for continuity of services. The City denies the remainder of the allegations in paragraph 15.

16.     The City admits that it waived compliance with the Labor Peace requirement for Plaintiff on or around September 26, 2023. The City denies the remainder of the allegations in paragraph 16.

17.     The City admits.

18.     The City admits, with the following addendum: The offered contract extension to Plaintiff until November 21, 2025 was in error, and once the City discovered its mistake, it re-offered to extend the contract only until August 31, 2025, which Plaintiff accepted.

**C.**     **The City refused to determine whether Plaintiff met the Good Faith Exception and the Contract will now expire.**

19.     The City admits that Exhibit 4 is a true and accurate copy of the letter the City sent to Plaintiff and SEIU. The referenced document speaks for itself. The City denies the remainder of the allegations in paragraph 19.

20.     The City denies.

21.     The City is without sufficient knowledge to admit or deny this allegation, and therefore denies the same.

22.     The City is without sufficient knowledge to admit or deny this allegation, and therefore denies the same.

23.     The City is without sufficient knowledge to admit or deny this allegation, and therefore denies the same.

24.     The City is without sufficient knowledge to admit or deny this allegation, and

Page  3  –    DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

therefore denies the same.

25.     The City admits it provided a deadline to Plaintiff to set a date to engage in arbitration to be considered for an exception to the Labor Peace Requirement. The City denies the remainder of the allegations in paragraph 25.

26.     The City is without sufficient knowledge to admit or deny this allegation, and therefore denies the same.

27.     The City admits.

28.     The City denies.

29.     The City admits that Plaintiff stated it could have a date set with an arbitrator by the following day and requested until the following day to do so. The City denies the remainder of the allegations in paragraph 29.

30.     The City admits.

31.     The City admits Exhibit 5 is a true and accurate copy of the letter Plaintiff sent to the Mayor. The referenced document speaks for itself. The City denies the remainder of the allegations in paragraph 31.

32.     The City denies.

33.     The City admits that ECF 19 and 29 are sworn declarations in the record which speak for themselves. The City denies the remainder of the allegations in paragraph 33.

34.     The City admits that ECF 29 is a sworn declaration in the record which speaks for itself. The City is without sufficient knowledge as to Plaintiff's or the Program Coordinator at Oregon's Department of Administrative Services' knowledge, and therefore denies the same. The City denies the remainder of the allegations in paragraph 34.

35.     The City admits it required compliance by Plaintiff with its Labor Peace Requirement. The City denies the remainder of the allegations in paragraph 35.

/ / /

/ / /

Page  4  –     DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

## FIRST CLAIM FOR RELIEF

### NLRA Preemption

36.     The City incorporates its answer to the foregoing paragraphs as though set forth in full here.

37.     Plaintiff's First Claim for Relief was dismissed by this court in an Order and Opinion dated April 7, 2026. (ECF 47). Therefore, no response is required to this claim for relief.

38.     The City incorporates its answer to paragraph 37.

39.     The City incorporates its answer to paragraph 37.

40.     The City incorporates its answer to paragraph 37.

41.     The City incorporates its answer to paragraph 37.

42.     The City incorporates its answer to paragraph 37.

43.     The City incorporates its answer to paragraph 37.

44.     The City incorporates its answer to paragraph 37.

45.     The City incorporates its answer to paragraph 37.

46.     The City incorporates its answer to paragraph 37.

47.     The City incorporates its answer to paragraph 37.

48.     The City incorporates its answer to paragraph 37.

49.     The City incorporates its answer to paragraph 37.

50.     The City incorporates its answer to paragraph 37.

51.     The City incorporates its answer to paragraph 37.

52.     The City incorporates its answer to paragraph 37.

53.     The City incorporates its answer to paragraph 37.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - Violation of Due Process Clause of the Fourteenth Amendment to the United States Constitution

54.     The City incorporates its answer to the foregoing paragraphs as though set forth in

Page  5  –   DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

full here.

55.    Plaintiff's Second Claim for Relief was dismissed with leave to replead by this court in an Order and Opinion dated April 7, 2026. (ECF 47). Plaintiff did not replead this claim; therefore it is dismissed, and no response is required to this claim for relief.

56.    The City incorporates its answer to paragraph 55.

57.    The City incorporates its answer to paragraph 55.

58.    The City incorporates its answer to paragraph 55.

59.    The City incorporates its answer to paragraph 55.

60.    The City incorporates its answer to paragraph 55.

61.    The City incorporates its answer to paragraph 55.

62.    The City incorporates its answer to paragraph 55.

63.    The City incorporates its answer to paragraph 55.

64.    The City incorporates its answer to paragraph 55.

65.    The City incorporates its answer to paragraph 55.

## THIRD CLAIM FOR RELIEF

### Promissory Estoppel

66.    The City incorporates its answer to the foregoing paragraphs as though set forth in full here.

67.    Plaintiff's Third Claim for Relief was dismissed with leave to replead by this court in an Order and Opinion dated April 7, 2026. (ECF 47). Plaintiff did not replead this claim; therefore it is dismissed, and no response is required to this claim for relief.

68.    The City incorporates its answer to paragraph 67.

69.    The City incorporates its answer to paragraph 67.

70.    The City incorporates its answer to paragraph 67.

71.    The City incorporates its answer to paragraph 67.

72.    The City incorporates its answer to paragraph 67.

Page  6  –    DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

73.     The City incorporates its answer to paragraph 67.

## FOURTH CLAIM FOR RELIEF

### Implied duty of good faith and fair dealing

74.     The City incorporates its answer to the foregoing paragraphs as though set forth in full here.

75.     This paragraph states a legal conclusion and therefore does not require a response; however, to the extent a response is required, the City denies.

76.     The City admits that Exhibit 4 is a true and accurate copy of an October 5, 2024 letter the City sent to Plaintiff and SEIU. The referenced document speaks for itself. The City denies the remainder of the allegations in paragraph 76.

77.     The City denies.

78.     The City is without sufficient knowledge to admit or deny the allegation in paragraph 78, and therefore denies the same.

79.     The City is without sufficient knowledge to admit or deny the allegation in paragraph 79, and therefore denies the same.

80.     The City is without sufficient knowledge to admit or deny the allegation in paragraph 80, and therefore denies the same.

81.     The City admits.

82.     The City admits that Plaintiff stated it could have a date set with an arbitrator by the following day and requested until the following day to do so. The City denies the remainder of the allegations in paragraph 82.

83.     The City admits.

84.     The City admits that Exhibit 5 is a true and accurate copy of the letter Plaintiff sent to the Mayor. The referenced document speaks for itself. The City denies the remainder of the allegations in paragraph 84.

85.     The City denies.

Page  7  –    DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

86.     The City denies.

87.     The City denies.

88.     The City denies.

89.     The City denies.

90.     The City denies.

91.     The City denies that plaintiff is entitled to relief in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

92.     Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

93.     Plaintiff's claims based on the City's performance or non-performance of a discretionary function or duty is barred by the City's discretionary immunity under ORS 30.265(6)(c).

### THIRD AFFIRMATIVE DEFENSE

### (Conduct Allowed by Contract)

94.     The City's conduct, as alleged by Plaintiff, does not violate the covenant of good faith and fair dealing because the City's conduct was permitted by the terms of the parties' contract.

### FOURTH AFFIRMATIVE DEFENSE

### (Reasonableness)

95.     The City conduct and expectations in assessing whether Plaintiff would meet the Labor Peace Requirement were reasonable and clearly communicated, and provided Plaintiff with a reasonable amount of time to demonstrate performance. Plaintiff failed to comply with those reasonable expectations.

Page 8 –    DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Bad Faith)

96.    The City had no bad faith or improper motive in not granting Plaintiff an exception to the Labor Peace Requirement.

## SIXTH AFFIRAMTIVE DEFENSE

### (Failure to Mitigate)

97.    All or part of the harm alleged by plaintiff was a result of Plaintiff's own actions or inactions or was otherwise a result of their failure to mitigate.

## <u>RESERVATION OF RIGHTS</u>

Defendant reserves the right to amend as provided by the civil rules, including but not limited to, its right to move the Court to amend its Answer in order to assert additional defenses as may become known to it during the course of discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant prays that Plaintiff's Amended Complaint be dismissed and that judgment be entered in Defendant's favor and for its costs and disbursements incurred herein, in addition to such other relief as may be justified.

DATED: June 2, 2026.

Respectfully submitted,

*/s/ Fallon Niedrist de Guzman*
FALLON NIEDRIST DE GUZMAN, OSB No. 145146
Deputy City Attorney
DANIEL SIMON, OSB No. 124544
Senior Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendant City of Portland*

Page 9 –    DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES