Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
Jenna M. Teeny, OSB No. 244519
jteeny@swlaw.com
SNELL & WILMER L.L.P
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888

*Attorneys for Plaintiff Northwest Success, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST SUCCESS, INC., an Oregon domestic nonprofit corporation, | Case No. 3:25-cv-00970-SI |
| Plaintiff, | JOINT RULE 26(F) REPORT AND DISCOVERY PLAN |
| v. | |
| CITY OF PORTLAND, a municipal corporation, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties met virtually on June 9, 2026, for the planning of discovery in this action. Drew Eyman, Snell & Wilmer LLP, attended for Plaintiff. Fallon Niedrist, Deputy City Attorney, and Daniel Simon, Senior Deputy City Attorney, attended for Defendant.

The parties propose the following discovery plan for this action, pursuant to Fed. R. Civ. P. 26(f)(3):

1.      <u>Initial Disclosures</u>: The parties agree to forgo initial disclosures as indicated in the contemporaneously filed Discovery Agreement.

2.      <u>Subject(s) of Discovery</u>: The parties anticipate discovery will be had on the claims

Page  1  –  JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

and issues raised by the Complaint, and the claims and issues raised by Defendant's Answer and Affirmative Defenses.

3.     <u>Issues Regarding Electronically Stored Information ("ESI")</u>: The parties do not anticipate any issues regarding ESI in this case, including the form(s) in which it is to be produced. Most ESI will not be produced in native format (unless specifically requested), but the parties have agreed that Word redline documents and Excel documents will be produced in native and PDF, and that emails will be produced adjacent to any of their respective email attachments. With respect to the latter, the parties will produce each email/attachment combination as a separate PDF. The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology. Focused terms and queries should be employed; broad terms or queries generally should be avoided where possible, consistent with the parties' need to prepare for trial. Nothing in this statement limits any party's right to make full use of the discovery procedures provided in the Federal Rules of Civil Procedure or Local Rules.

4.     <u>Claims of Privilege or Protection</u>: The parties will confer on any discovery disputes concerning any applicable privilege and/or protection as to trial preparation materials prior to seeking judicial assistance. If the parties cannot come to an agreement on any areas of dispute, the parties will follow the applicable provisions in the Federal Rules of Civil Procedure and Local Rules concerning discovery disputes.

5.     <u>Limitations on Discovery</u>: The parties agree that they do not foresee any other limitation on discovery not set forth in the applicable provisions of the Federal Rules of Civil Procedure and Local Rules concerning discovery.

6.     <u>Any Other Necessary Orders</u>: The parties anticipate seeking a tier 1 stipulated

Page 2 – JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

protective order, as the underlying events of this case involve: alternative dispute resolution, contract discussions, and City Attorney's Office communications. Plaintiff also anticipates filing a motion for summary judgment.

       7.    Proposed Schedule for Conducting Discovery/Pleading Amendments/Dispositive Motions: The parties respectfully request the following deadlines in this case:

       a)    Completion of discovery, as that term is defined in the Local Rules, on January 15, 2027;

       b)    The parties agree to file any amended pleadings, and Plaintiff agrees to name additional parties, if any, no later than January 15, 2027;

       c)    The parties will exchange expert disclosures and reports, pursuant to Fed. R. Civ. P. 26(a)(2)(D), by April 15, 2027. Any rebuttal disclosure and report(s) are due 30 days thereafter; and

       d)    Dispositive motions are to be filed by May 14, 2027. Please note that Plaintiff anticipates filing a motion for partial summary judgment.

       8.    ADR Report Deadline: September 1, 2026.

The parties agree to the proposals set forth above, and acknowledge that any changes to, or extensions of, Court-imposed deadlines may be made only through the procedures of Fed. R. Civ. P. 16 and LR 16-3.

Dated: June 18, 2026               Dated: June 18, 2026

  SNELL & WILMER LLP            PORTLAND CITY ATTORNEY'S OFFICE

*/s/ Drew L. Eyman*             */s/ Fallon Niedrist*
Clifford S. Davidson, OSB No. 125378     Fallon Niedrist, OSB No. 145146
csdavidson@swlaw.com           fallon.niedrist@portlandoregon.gov
Drew L. Eyman, OSB No. 163762        Daniel Simon, OSB No. 124544
deyman@swlaw.com             dan.simon@portlandoregon.gov
Jenna M. Teeny, OSB No. 244519       *Attorneys for Defendant City of Portland*
jteeny@swlaw.com
*Attorneys for Plaintiff Northwest Success Inc.*

Page  3  –  JOINT RULE 26(f) REPORT AND DISCOVERY PLAN